W. H. MORES *et al.*, Appellees, v. DAVID BEEBE *et al.*, Appellants.

1.   **Fraudulent Conveyances :** RELATION OF PARTIES : CONTROL OF PROPERTY.   Where a father conveyed his farm to a son in pursuance of an alleged agreement made more than twenty years before, that the son should have said property in consideration of his remaining at home, and for his services and outlays upon the farm, and it appeared that the son had remained with his father, and conducted the business of the farm, but that after the execution of the deed there was no change in the relations between the parties with respect to the farm, the father being recognized as the head of the family, and often receiving the proceeds from the sale of produce raised upon the land, and that, in an action for divorce against the son about eight years prior to the execution of the deed, both the father and son testified that the latter had no interest in the farm, *held*, that the evidence warranted a decree that the conveyance was fraudulent as against a creditor of the father upon an indebtedness contracted after the execution of the deed, but while the relation of the father to the land as above indicated existed.

2.   **Evidence :** ADMISSIONS: AFFIDAVITS.   The affidavit of a party used in a judicial proceeding is competent evidence against such affiant in another proceeding as an admission, and where the name of such affiant and that of the 'witness against whom the affidavit is used appear to be the same, no further identification is necessary to warrant its introduction.

*Appeal from Bremer District Court.—*HON. G. W. RUDDICK, Judge.

THURSDAY, MAY 14, 1891.

ACTION in chancery by a creditor's bill to subject certain lands, alleged to have been fraudulently conveyed by the defendant, David Beebe, to his son and codefendant, Benjamin Beebe, to a judgment against David Beebe.    There was a decree granting the relief prayed for by the plaintiffs.    The defendants appeal. *Affirmed.*

*E. L. Smalley,* for appellants.

*Gibson & Dawson,* for appellees.

BECK, C. J.—I.    In 1888, David Beebe conveyed to his son and codefendant, Benjamin, the lands involved in this suit.    The plaintiff recovered a judgment against the defendant David in 1889, upon an indebtedness alleged in the petition and not denied to have been contracted before the conveyance by the father to the son, as above stated.    The defendants allege, and so testify, that the conveyance was made in payment of an indebtedness from the father to the son for services rendered and money advanced under an agreement made between them in 1864, under which the son was to remain at home, and for his services and outlays under the contract was to have the farm.    The son conducted the business of the farm, living upon it with his father under this contract.    After the deed was made to him they continued to reside on the farm without any change as to their relations and conditions, and thus continued until after this suit was brought.    The evidence shows that the father was the head of the family, and exercised authority as such, receiving often, if not always, the proceeds of the sales of produce raised on the farm.    It clearly appears that the son did not claim to exercise the authority of an owner over the property.    While this relation existed, and the father was acting as the head of the family, the debt upon

1. FRAUDULENT conveyances: relation of parties: control of property.

which the plaintiffs' judgment was entered was contracted. Evidence was introduced showing that in 1880 the son's wife brought against him an action for divorce, in which she asked an allowance for alimony. Both father and son filed in resistance affidavits to the effect that the son had no property except his clothing, and a pony and saddle and bridle, and that he had no interest in the farm.

II. It is insisted that the affidavits are incompetent, and were not identified. As sworn statements of facts given in judicial proceedings, they

**2. EVIDENCE: admissions: affidavits.**

have the force, at least, of declarations and admissions, and were competent. The names of the persons making the affidavits, being the same as the names of the defendants, sufficiently show, *prima facie*, at least, that the father and son were the affiants. This presumption· was not attempted to be overcome. Upon the evidence and admissions of the pleadings, we reach the conclusion that the district court rightly found that the deed executed by the father to the son was fraudulent as to the plaintiffs, and that the judgment ought to be enforced against the lands. AFFIRMED.